EASTERN DIS.
*March*, 1834.

HILIGSBERG
*vs.*
NEW-ORLEANS
CANAL AND
BANKING COM-
PANY ET AL.

A party against whom judgment is given, cannot avail himself of its reversal on the appeal of a party joined with him in the inferior court.

---

### HILIGSBERG *vs.* NEW-ORLEANS CANAL AND BANKING COMPANY ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

In an action to rescind the sale of a slave, on account of his habit of running away, proof that he ran away three times before the sale, without proof of the period the slave was absent at either time, is insufficient to support the claim.

The defendants sold to the plaintiff, and warranted against the vices and maladies prescribed by law, eleven slaves at public auction for the sum of seven thousand four hundred

and thirty dollars. The plaintiff now alleges that one of EASTERN DIS. *March*, 1834. them was, previous to the purchase, addicted to the vice of running away, and on that ground he prayed to rescind the sale.

HILIGSBERG ·sa NEW-ÓRLEANS CANAL AND BANKING COM- PANY ET AL.

The Canal and Banking Company pleaded the general denial and prescription. The other defendants pleaded that the defendant had lost all right to hold the defendants responsible, by not having previously informed them of the facts charged, and by not having complied with the requisites of the law, in advertising the slave.

*Bertrand*, in answer to an interrogatory relating to the slave in question, deposed that "he ranaway twice before the sale." *Berquier* testified that after the purchase, the slave ranaway three or four times, and he had not been found since he ran away in October, 1832. Another witness swore that five years before the sale, the slave ranaway once, and was taken about two days afterwards.

MATHEWS, J., delivered the opinion of the court.

This is a redhibitory action, in which the price of a slave is claimed to be rescinded, on account of being an habitual runaway. The court below considering that the plaintiff had not supported his claim by evidence in conformity with the 2505th articles of the *La. Code*, gave judgment of non suit, from which he appealed.

The record contains the testimony of one witness, who declares that the slave in question, whilst in the possession of one of his former owners ran away twice, but does not state the length of time he was absent in either of these abscondings. Another witness prove, that he ran away once, but does not specify an absence for a period of time sufficient to satisfy the provisions of the article of the *Code*, before cited. We are of opinion that the plaintiff has not made out his case by evidences as required by law.

In an action to resciud the sale of a slave, on account of his habit of runn ng away, proof that he ran away three times before the sale without proof of the period the slave was absent at either time, is insufficient to support the claim.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be affirmed with costs,

*Seghers*, for appellant.

*Slidell* and *Conrad*, for appellees.