CHARLES MARSHALL JONES *v.* DAVID SIDLE and another.

The signature of the appellant is not necessary to an appeal bond ; it is enough that it be signed by a sufficient surety.

RULE on the plaintiff to show cause why he should not be restrained from proceeding under an execution, issued by the Commercial Court, *Watts,* J.

BULLARD, J. The plaintiff having obtained judgment against the two defendants jointly, they took what they considered a suspensive appeal, returnable on the first Monday in April, 1843, and

which has been returned accordingly, and is now pending in this court. The plaintiff, after the appeal was allowed, and the bond given, took a rule upon one of the defendants, Stewart, to show cause why execution should not be issued, as to him, on the ground that he had filed no appeal bond, as required by law, and in accordance with the judgment rendered against him. This rule was made absolute, and the execution ordered to issue against Stewart, on the ground, that he had not signed the appeal bond, the sufficiency as to the amount and solvency of the surety being admitted.

Thereupon Stewart, by his counsel, applied to this court for a rule on the plaintiff, to show cause why he should not be restrained from proceeding under his execution; and an order was given at the same time to the Sheriff, to desist from proceeding, until the further order of this court.

The reason given by the Judge of the Commercial Court, for ordering execution to be issued, as to one of the debtors, was, that no appeal bond had been filed as to the defendant, Samuel Stewart. This judgment was given after the appeal had been prosecuted, and while it was pending in this court.

The original judgment was, that the plaintiff recover of Sidle $925, and of Stewart $925. They had been sued together as Sidle & Stewart. They applied, by the same petition, for an appeal; and it was allowed on their giving bond, with good and solvent surety, in a sum exceeding, by one-half, the amount of the judgment. The bond was given within the proper time, for a sufficient amount, and was signed by a solvent surety. It purports to be signed Sidle & Stewart, but it is admitted that the signature was written by Sidle. The amount is twenty-eight hundred dollars, more than sufficient to cover the whole judgment, as to both defendants. It is clear, that if neither of the principals had signed the bond, it would have been sufficient if signed by a sufficient surety. The true test is this:—could the plaintiff, in the event of his judgment being affirmed on appeal, recover against the surety, the amount of his judgment against Stewart, as well as that against Sidle; and of this, we entertain no doubt. The condition of the bond is, that Sidle & Stewart shall prosecute their appeal, and satisfy such judgment as may be rendered

against them. What appeal? from a judgment which condemned each of them to pay $925, and interest, in a joint action, and on a joint obligation.

We should not think ourselves authorized thus to examine a judgment from which no appeal has been taken, if it did not appear manifest, that at the time it was rendered, the case to which it related was pending in this court; and the law authorizes us to issue any mandate which may be necessary to maintain our appellate jurisdiction. The bond was, in our opinion, sufficient to stay execution, until this court should have pronounced upon the merits of the case. Code of Practice, art. 877.

Let the rule be made absolute; and the order to the Sheriff to desist from proceeding on the execution, be maintained.

*G. Strawbridge,* for the rule.

*Jones, pro se,* cited the Code of Practice, art. 573. 6 Mart. N. S. 598. 8 Ib. 393. 6 La. 228. 10 Ib. 271.